Supreme Court
SU-2017-175-Appeal.
(WC 15-512)

Hexagon Holdings, Inc.       :

        v.                 :

Carlisle Syntec Incorporated et al.     :

**O R D E R**

This matter came before the Supreme Court on February 15, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments set forth in the parties' memoranda and at oral argument, we are convinced that cause has been shown. Thus, it is our opinion that further argument and briefing will be necessary to decide this matter.

The plaintiff, Hexagon Holdings, Inc. (Hexagon), appeals from the entry of summary judgment in favor of defendant, McKenna Roofing and Construction, Inc. (McKenna). The pertinent facts are as follows. In 2006, Hexagon contracted with A/Z Corporation to construct a new facility at the Quonset Business Park. A/Z Corporation subcontracted the roofing installation to McKenna, which was authorized to install the specific roofing system manufactured by defendant Carlisle Syntec Incorporated (Carlisle).[1] Hexagon alleges that almost immediately the new roof began to leak.

On October 14, 2015, approximately nine years after first contracting with A/Z Corporation, Hexagon filed a complaint in Washington County Superior Court alleging breach of contract, breach of the implied warranty to construct in good and workmanlike manner,

---

[1] Neither the general contract nor the subcontract between McKenna and A/Z Corporation was introduced into evidence.

negligence, and misrepresentation against McKenna and Carlisle.[2] Hexagon alleged that McKenna had improperly installed the roof, and it sought to recover the cost of replacing it. Hexagon did not sue the general contractor, A/Z Corporation.[3]

McKenna moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In its motion, McKenna argued that Hexagon did not allege a viable breach of contract claim or breach of implied warranty claim against it because no contract existed between the parties. McKenna further argued at the hearing on its motion that Hexagon failed to specifically plead that it was an intended beneficiary of the subcontract between McKenna and A/Z Corporation as required by Rule 8 of the Superior Court Rules of Civil Procedure. In addition, McKenna argued that the economic loss doctrine barred Hexagon from recovering economic damages on a negligence claim.

Hexagon countered that its claims of breach of contract and breach of implied warranty against McKenna were sustainable because third-party intended beneficiaries can maintain a breach of contract claim in the absence of a contract between a plaintiff and a defendant. Hexagon added that this theory does not need to be specifically pled, and that, for summary judgment purposes, it had provided sufficient proof of this third-party intended beneficiary theory by accepting the undisputed facts offered by McKenna. Addressing its negligence claim, Hexagon argued that the economic loss doctrine, which bars recovery of pure economic loss in a negligence action, does not apply to this case because no privity existed between Hexagon and McKenna.

---

[2] Hexagon also sued Carlisle for breach of express warranty. The claims against Carlisle are not at issue in this appeal.

[3] McKenna filed a motion to dismiss the misrepresentation claim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The trial justice dismissed that claim without prejudice, and it is not part of this appeal.

The hearing justice granted summary judgment in favor of McKenna, holding that Hexagon was only an incidental beneficiary, as opposed to an intended beneficiary, of the contract between McKenna and A/Z Corporation. The hearing justice reasoned that Hexagon failed to show that it was directly and unequivocally an intended beneficiary. He further held that the economic loss doctrine did apply, barring Hexagon's claim for pure economic loss, because the parties were engaged in a commercial transaction.

After hearing argument in this case, we deem it prudent to return it to the regular calendar for full argument. In doing so, we specifically direct the parties to brief the third-party intended beneficiary issue among such other issues that they consider germane to decide the issue before this Court.

Entered as an Order of this Court this 5th day of March, 2018.

By Order,

_____/s/_____

Clerk

Justice Goldberg did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated et al. | |
| **Case Number** | SU-2017-175-Appeal. (WC 15-512) | |
| **Date Order Filed** | March 5, 2018 | |
| **Justices** | Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Joel K. Goloskie, Esq.<br>William E. O'Gara, Esq. | |
| | For Defendant:<br><br>John A. Caletri, Esq.<br>Gerald C. DeMaria, Esq.<br>Kristina Hultman, Esq.<br>Alex Armand Romano, Esq. | |

SU-CMS-02B (revised November 2016)